UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE PARAGON GIFTS, INC. | : | |
| | : | |
| v. | : | C.A. No. 06-532-S |
| | : | |
| BLUE PACKAGE DELIVERY, LLC | : | |
| | : | |

**BLUE PACKAGE DELIVERY, LLC'S**
**ANSWER AND COUNTERCLAIM**

For its Answer to Plaintiff's Complaint, Blue Package Delivery, LLC ("BPD") states as follows:

1. BPD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. BPD admits the allegations contained in Paragraph 2 of the Complaint.

3. BPD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Plaintiff's Complaint omits Paragraph 4.

5. With respect to the allegations contained in Paragraph 5 of the Complaint, BPD admits that it is a company that specializes in small package delivery to commercial and residential addresses in the United States. BPD denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. With respect to the allegations contained in Paragraph 6 of the Complaint, BPD admits that in or around 2005, BPD approached Plaintiff and inquired whether Plaintiff would be interested in using BPD to deliver its packages. BPD denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. With respect to the allegations contained in Paragraph 7 of the Complaint, BPD admits that representatives of Plaintiff and BPD met in Rhode Island to discuss Plaintiff's shipping needs and how BPD could meet those needs. BPD denies the remaining allegations contained in Paragraph 7.

8. With respect to the allegations contained in Paragraph 8 of the Complaint, BPD admits that it sent a proposed Master Transportation Agreement to Plaintiff and BlueSky Brands, Inc. BPD states that the proposed Master Transportation Agreement speaks for itself. BPD denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. With respect to the allegations contained in Paragraph 9 of the Complaint, BPD states that the proposed Master Transportation Agreement speaks for itself. To the extent the allegations differ therefrom, they are denied.

10. With respect to the allegations contained in Paragraph 10 of the Complaint, BPD states that the February 21, 2006 e-mail speaks for itself. BPD denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. BPD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. With respect to the allegations contained in Paragraph 12 of the Complaint, BPD admits that it picked up certain packages for Plaintiff in Rhode Island and delivered them at rates agreed upon by Plaintiff. BPD denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. BPD denies the allegations contained in Paragraph 13 of the Complaint.

14. BPD denies the allegations contained in Paragraph 14 of the Complaint.

15. With respect to the allegations contained in Paragraph 15 of the Complaint, BPD admits that it sent invoices to Plaintiff for amounts Plaintiff owed BPD. BPD denies the remaining allegations contained in Paragraph 15.

16. BPD denies the allegations contained in Paragraph 16 of the Complaint.

17. BPD denies the allegations contained in Paragraph 17 of the Complaint.

**COUNT I**
**(Breach of Contract)**

18. BPD incorporates the foregoing responses as its response to Paragraph 18 of the Complaint.

19. BPD denies the allegations contained in Paragraph 19 of the Complaint.

20. BPD denies the allegations contained in Paragraph 20 of the Complaint.

21. BPD denies the allegations contained in Paragraph 21 of the Complaint.

**FIRST DEFENSE**

1. The Complaint fails to state a claim against BPD upon which relief can be granted.

**SECOND DEFENSE**

2. Plaintiff's claims are barred in whole or in part by the doctrines of waiver and equitable estoppel.

WHEREFORE, BPD respectfully requests that the Court enter judgment in its favor and against Plaintiff.

**BPD'S COUNTERCLAIMS AGAINST PLAINTIFF**

For its Counterclaims against Plaintiff, BPD states and alleges as follows:

1. BPD is a Minnesota limited liability company that specializes in small package delivery to commercial and residential addresses in the United States.

2. Upon information and belief, The Paragon Gifts, Inc. is a Rhode Island corporation engaged in the business of consumer sales.

**COUNT I**
**(Breach of Contract)**

3. BPD and Plaintiff entered into agreements pursuant to which BPD agreed to deliver certain packages for Plaintiff and Plaintiff agreed to pay BPD for the delivery of those packages at specified rates.

4. BPD fulfilled its obligations by delivering the packages.

5. Plaintiff failed to pay BPD the amounts due to BPD for delivering the packages.

6. Plaintiff's failure to pay BPD constitutes a breach of the agreements.

7. As a result of Plaintiff's breach of the agreements, BPD has been damaged in an amount in excess of $75,000 to be determined at trial.

**COUNT II**
**(Unjust Enrichment)**

8. BPD conferred a benefit on Plaintiff by delivering packages for Plaintiff.

9. Plaintiff appreciated the benefit BPD conferred on Plaintiff.

10. Plaintiff accepted the benefit conferred on it by BPD under such circumstances that it would be inequitable for Plaintiff to retain the benefit without paying the value thereof.

11. To avoid Plaintiff's unjust enrichment, the Court should order Plaintiff to pay BPD an amount in excess of $75,000 to be determined at trial.

**WHEREFORE**, BPD respectfully requests that the Court:

1. Enter judgment in favor of BPD and against Plaintiff on the claims asserted by Plaintiff;

2. Enter judgment in favor of BPD and against Plaintiff on BPD's counterclaims in an amount in excess of $75,000 to be determined at trial;

3 Award BPD its costs and attorneys' fees incurred herein; and

4. Award such other relief as the Court deems just and equitable.

Dated: December 15, 2006

BLUE PACKAGE DELIVERY, LLC
By its attorneys,

/s/ Patricia K. Rocha

PATRICIA K. ROCHA (#2793)
procha@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

Of Counsel:

Gregory Karpenko
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2006, a copy of the foregoing was served **via Electronic Court Filing (ECF)** on the following counsel of record:

Brent R. Canning, Esq.
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02906

_____/s/ Patricia K. Rocha______

*402589_1.doc*