UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE PARAGON GIFTS, INC. | : | |
| | : | |
| v. | : | C.A. No. 06-532S |
| | : | |
| BLUE PACKAGE DELIVERY, LLC | : | |

**PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT**

## I. INTRODUCTION

This is a breach of contract dispute between Paragon Gifts, a mail-order business, and Paragon's transportation-broker, Blue Package Delivery. Paragon is seeking damages and declaratory relief.

In 2005, Blue Package successfully convinced Paragon Gifts to move all of its shipping business to Blue Package. Blue Package promised superior service and fixed shipping rates that were substantially lower than other companies Paragon was considering. A written, three-year contract was circulated in 2006 and agreed upon.

Unfortunately, Blue Package failed to deliver on both of its promises. First, shipments from Blue Package were chronically late to Paragon's customers. This resulted in cancelled orders and a loss of good will.

Second, after initially shipping goods for Paragon at the agreed-upon rates, Blue Package unilaterally increased its rates by nearly 100 percent. Needless to say, Paragon was shocked by the increase and it objected. Because Paragon had no alternative shipping arrangements lined up it paid Blue Package at the higher rates and attempted to negotiate a resolution.

Ultimately, the parties were unable to resolve the dispute and Paragon terminated the relationship. Blue Package responded by holding hostage the thousands of packages

that were in transit to Paragon's customers. It refused to release any packages until certain monetary demands were met. Paragon paid under protest and the goods were delivered, albeit substantially late.

Paragon filed this lawsuit to recover damages it suffered and to obtain a declaration that it does not owe Blue Package for the increased shipping costs that Blue Package unilaterally imposed.

## II. FACTS

Paragon is one of five mail-order businesses that are owned by BlueSky Brands, Inc. In 2005, representatives from Blue Package met representatives from BlueSky Brands to discuss the shipping needs of BlueSky's mail-order businesses, including Paragon.

Blue Package forwarded a written, three-year agreement. It included a rate schedule. Paragon signed the agreement and returned it to Blue Package. (Blue Package is apparently taking the position that it never placed a signature on the agreement and therefore the agreement -- and rate schedule -- cannot be enforced.) Thereafter, Blue Package began delivering packages for Paragon.

A few months later, Blue Package increased the rates. Attempts to negotiate a resolution were unsuccessful. After receiving several dunning notices from Blue Package, Paragon filed this action.

## III. STATEMENT OF CLAIMS

### A. Breach of Contract

Paragon has filed a breach of contract claim. Under the terms of the written agreement, Minnesota law would apply. Minnesota, like Rhode Island, requires proof of the existence of a contract, breach, and damages. See Indus. Rubber Applicators v. Eaton

Metal Prods. Co., 171 N.W.2d 728 (Minn. 1969) (rev'd on other grounds); Mate Precision Tooling v. Carrier Corp., 2007 WL 3580 (Minn. App. Jan. 2, 2007); accord Feinstein v. Brown, 432 F.Supp.2d 258, 269 (D.R.I. 2006) (citing Petrarca v. Fidelity & Cas. Ins. Co., 884 A.2d 406, 410 (R.I. 2005)).

Here, there was a written agreement. Blue Package may take the position that it never signed the agreement but this fact, if true, is irrelevant. Blue Package forwarded the agreement to Paragon as an offer and Paragon accepted it by signing it. Blue Package's signature is unnecessary. Moreover, the parties' actions are consistent with their mutual belief that they had an agreement. Paragon began using Blue Package to ship goods and Blue Package shipped the goods at the agreed-upon rates.

Blue Package eventually breached by providing poor performance, holding Paragon's goods hostage, and by refusing to ship Paragon's packages at the agreed-upon rates. These breaches caused Paragon damages, including the comparatively higher shipping charges it now must pay to a substitute shipper.

### B. Declaratory Relief

The Declaratory Judgment Act allows a federal court to award declaratory relief when an actual case or controversy is present. See Operation Clean Government v. Rhode Island Ethics Comm'n., 315 F. Supp.2d 187 (D.R.I. 2004). Here, there is ripe controversy and Paragon is requesting that the Court declare that Paragon has no obligation to pay Blue Package for the increased shipping rates it foisted on Paragon.

## IV. SETTLEMENT DISCUSSIONS

The parties have engaged in some very limited and unsuccessful settlement discussions. Paragon is willing to explore alternative dispute resolution and believes that a mandatory settlement conference may be productive.

THE PARAGON GIFTS, INC.

By its Attorneys,

/s/ Brent R. Canning
Brent R. Canning, 5546
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (FAX)

Dated: January 12, 2007

**CERTIFICATION**

I, Brent R. Canning, hereby certify that on January 12, 2007, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Brent R. Canning

#773582